Suau, Demandante y Apelado, *v.* Junta Escolar de San Juan, Demandada y Apelante.

Apelación procedente de la Corte de Distrito de San Juan, Primer Distrito, en pleito sobre rescisión de contrato de compraventa.—Mociones sobre desestimación de la apelación y eliminación de la transcripción del récord.

No. 2808.—Resuelto en noviembre 10, 1922.

Desestimación de Apelación—Eliminación de la Transcripción del Récord—Discreción del Tribunal Supremo.—Aunque una apelación haya sido radicada fuera de tiempo no procede desestimarla ni eliminar la transcripción de la evidencia, cuando las mociones en que tales peticiones se hacen fueron notificadas al apelante después de radicado el recurso. La ley de marzo 9, 1911, para enmendar el artículo 299 del Código de Enjuiciamiento Civil no privó al Tribunal Supremo de la facultad discrecional que tiene de acuerdo con el artículo 58 de su reglamento.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. Juan de Guzmán Benítez.*

Abogado del apelado: *Sr. S. Suau.*

El Juez Asociado Sr. Franco Soto, emitió la opinión del tribunal.

En 21 de octubre de 1922 la parte apelada presentó una moción en la que solicita la desestimación del recurso de apelación interpuesto por la demandada y apelante, y alega para sostener su petición que la parte apelante no ha cumplido con los preceptos del artículo 299 del Código de Enjuiciamiento Civil, enmendado por la ley de marzo de 1911 en relación con

el artículo 40 del reglamento de esta corte y por haberse in-
fringido asimismo el artículo 59 del citado reglamento.   Se
acompaña, además, una certificación del secretario de la corte
inferior en donde se hace constar que la sentencia apelada
fué registrada el 16 de noviembre de 1921; que el recurso de
apelación se interpuso el 16 de diciembre de 1921 y que con
fecha 24 de mayo de 1922 se aprobó por la corte inferior la ex-
posición del caso presentada por la parte demandada y ape-
lante.

Se alega, además, en la moción, que la transcripción del re-
cord fué radicada en esta corte el día 19 de octubre de 1922,
después de haber transcurido más de cuatro meses desde la
aprobación de la exposición del caso; casi un mes desde que
expiró la última prórroga concedida por esta corte para ra-
dicar dicha transcripción, y por último, después de haberse
denegado una prórroga que fué solicitada, ya vencido el tér-
mino de la prórroga anterior.

En 26 de octubre de 1922 el apelado radicó otra moción
solicitando la eliminación de la transcripción del récord por
haberse radicado en esta corte fuera de término.

La vista de dichas mociones fué celebrada y ambas partes
fueron oídas, quedando el caso sujeto a nuestro estudio y re-
solución.

Durante la argumentación oral se pudo notar que el ape-
lado ofreció a la consideración de la corte ciertas razones de
aparente fuerza legal, pero que eran aducidas desprovistas
de citas legales o jurisprudencia que las sostuvieran.   Esto
bastaría para que no debiéramos tomar en consideración la
moción del apelado, porque los abogados, generalmente, deben
ilustrar sus razonamientos con jurisprudencia que facilite el
trabajo de esta corte, a menos que tales razonamientos fueren
claros y convincentes por sí solos.   Parece, sin embargo, que
el propósito de la parte apelada era intentar demostrar que
el artículo 58 del reglamento de esta corte había quedado de-
rogado en virtud de lo que dispuso la ley de marzo 9 de 1911,

enmendando el artículo 299 del Código de Enjuiciamiento Civil, o lo que sería equivalente decir, que la expiración del término de treinta días para radicar la transcripción del record en esta corte sería fatal y esta corte carecería de poder para ejercer su discreción en la forma que dispone el artículo 58 citado. Aparte que esta corte ha resuelto repetidos casos aplicando el artículo 58 de su reglamento y declarándole subsistente después de la vigencia de la ley de 11 de marzo de 1911 citada, es indudable que la jurisprudencia de esta corte se ha fundado en el control que tienen las cortes sobre los casos sujetos a su jurisdicción mediante la apelación interpuesta, pudiendo dictar reglas que encaucen las apelaciones y ejercer una sana discreción y aplicarla según las circunstancias de cada caso.

Un examen de los autos demuestra que una de las razones que tuvo la apelante para pedir prórroga con el objeto de radicar la transcripción del récord, era de que estuvo pendiente de que el demandante y apelado presentara una copia de cierto plano que original fué presentado como prueba y que sería usado como *exhibit* en la apelación.

En la transcripción de dicho récord página 9, al relatar la declaración y prueba propuesta por el demandante, se encuentra un párrafo que dice:

"Dicho plano fué propuesto y aceptado como prueba sin objeción, mandando la corte marcarlo letra D; y con motivo de ser dicho plano un documento oficial del departamento, según manifestó el demandante, éste se obligó a presentar una copia fiel de dicho original cuyo título es: Trazado de la carretera en proyecto entre los puentes San Antonio y Martin Peña."

A pesar de las declaraciones que se hacen en dicho párrafo por el demandante, el abogado de la parte apelante acompaña una declaración jurada en la que acredita haber pedido al demandante la copia del plano para terminar la transcripción del récord y que dicho demandante y apelado se negó a hacerlo, fundándose en que a él no le interesaba dicha pre-

sentación.   Sin que podamos considerar la importancia de esa prueba ni ser éste el momento de referirnos al fondo del caso, no se puede negar que la parte apelada creyera que estaba justificada a esperar que el demandante entregara la copia del plano, según la constancia que del record hemos transcrito, y que fué uno de los motivos para solicitar las diferentes prórrogas para la radicación de la transcripción del récord.   En estas condiciones no cabría aplicar el artículo 59 de nuestro reglamento y sí la segunda parte del artículo 58 del mismo, toda vez que cuando se presentó la moción del demandante apelado solicitando la desestimación de la apelación, a la fecha de la notificación de la moción, ya la transcripción había sido radicada en esta corte.

Por las anteriores consideraciones la moción solicitando la desestimación de este recurso debe ser declarada sin lugar así como la segunda moción solicitando la eliminación de la transcripción del récord.

*Sin lugar ambas mociones.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.